

May 25, 2022

**Marielle A. Moore**
212.915.5549 (direct)
Marielle.Moore@wilsonelser.com

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

   Re:       *Mahulawde v. Fashion Institute of Technology et al.*
               Docket No.: 21-CV-3878 (PAE)
               Our File No.: 22643.00009

Dear Judge Engelmayer:

We represent the Defendants, Fashion Institute of Technology, Joseph Maiorca, Roberta Paley, and Roberta Degnore in the above-referenced matter. We write jointly with Plaintiff's counsel respectfully to submit the parties' Proposed Confidentiality Stipulation & Order, annexed hereto, for the Court's consideration.

We thank the Court for its attention to this matter.

Respectfully submitted,

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Florham Park, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

_Marielle A. Moore_ (signature)

Marielle A. Moore

cc:     **Via EC**

Melissa Mendoza, Esq.
DEREK SMITH LAW GROUP, PLLC
One Penn Plaza, Suite 4905
New York, New York 10119
melissa@dereksmithlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DAWNN KAREN MAHULAWDE,

      Plaintiff,

v.

FASHION INSTITUTE OF TECHNOLOGY,
JOSEPH MAIORCA, Individually;
ROBERTA PALEY, Individually;
ROBERTA DEGNORE, Individually,

      Defendants.

Case No.: 21-CV-3878 (PAE)

**(PROPOSED) CONFIDENTIALITY**
**STIPULATION & ORDER**

---

The undersigned parties agree as follows:

    1.    <u>Scope</u>:  Materials produced or adduced in the course of litigation, including initial disclosures, responses to discovery requests, deposition testimony and exhibits attached to any motion, pleading, exhibit, declaration, brief or other documents submitted to the court including information contained therein or derived therefrom (hereinafter collectively "documents") shall be subject to this Confidentiality Stipulation concerning Confidential Information as defined below. The parties further agree that discovery requests and responses thereto may be served by email until each party indicates otherwise.

    2.    <u>Confidential Information</u>:  As used herein, "Confidential Information" means any information, testimony, formal or informal discovery, information contained in motion, pleading, affidavit, declaration, brief or other documents submitted to the Court, or any other documents designated as "CONFIDENTIAL" by the party that produces or reveals it in connection with this litigation, including information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) dates of birth, social security numbers, and

medical records; and (c) other information that is customarily classified as confidential in civil litigation.

3. <u>Designation</u>:  The producing party may designate a document as Confidential by placing or affixing the word "CONFIDENTIAL" on the document and copies thereof in a manner that will not interfere with the legibility of the document.  The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Confidentiality Stipulation.  Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked.  Further, stamping such a legend on the cover of a multipage document shall so designate all pages of such document, unless otherwise indicated by the producing party.

4. <u>Depositions</u>:  Deposition testimony is protected by this Confidentiality Stipulation only if designated as "CONFIDENTIAL" within 14 days of receiving the transcript of the deposition.  Such designation shall be specific as to the portions that contain Confidential Information.

5. <u>Protection of Confidential Material</u>:

(a) *General Protections*:  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose other than litigation between the parties.

(b) *Limited Third-Party Disclosures of Confidential Information*:  With the exception of documents and materials filed or submitted to the Court, Confidential Information shall not be disclosed by the party receiving it to any person without the prior written consent of the party

producing it or an order of the Court, except that Confidential Information may be disclosed as set forth in subparagraphs (1)-(8), so long as the disclosure is in connection with the lawsuit. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(i) Counsel for the parties and employees and staff members of counsel;

(ii) Parties to this action and their authorized representatives;

(iii) The Court and its personnel;

(iv) Court reporters and recorders engaged for depositions;

(v) Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action. Nothing set forth herein shall prohibit an expert retained by the parties from relying upon Confidential Information in any report that he or she prepares, and such report shall not be treated as confidential, but any portion of any expert report that reproduces information designated as Confidential Information must be redacted before the expert report is filed with the Court or otherwise disclosed to any person not bound by this Agreement.

(vi) Witnesses in interviews, depositions and any hearings before the Court, including hearings on motions brought by the parties at depositions. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may, if specifically requested, receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(vii) Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

3

(viii)   Any mediator that the Parties engage in this matter or that this Court appoints,

(ix)   The author or recipient of the document (not including person who received the document in the course of litigation); and

(x)   Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

A party may not disclose what has been designated as Confidential Information by another party in the litigation captioned above to any person at any time without complying with the provisions of this Agreement. Further, no disclosure of Confidential Information received from another party shall be made to a third party until counsel for the producing party has been made aware that such disclosure will be made and has provided written consent to same, and, such person has been provided with a copy of this Agreement and has agreed to be bound thereto by execution of an agreement to that effect substantially in the form of Attachment "A" hereto, provided, however, that a document may be shown to the persons, which the document indicates on its face authored it, was the addressee of it, or was a "cc" of it, even if the person does not execute the agreement to be bound by this Agreement, but in these circumstances such documents shall remain Confidential Information for the purposes of this litigation. Counsel obtaining such agreements shall retain them to make them available to Counsel for the other party upon good cause shown by order of the Court.

6.   <u>Inadvertent Failure to Designate</u>:  An inadvertent failure to designate a document or deposition transcript as Confidential does not, standing alone, waive the right to so designate the document.  If a party designates a document as Confidential Information after initially producing it, the receiving party, on notification of the designation, must make a reasonable effort

4

to: (a) assure that the document is treated in accordance with the provisions of this Confidentiality Stipulation; and (b) retrieve such document from persons no longer entitled to disclosure (if any).

7. <u>Filing of Confidential Information</u>: This Confidentiality Stipulation does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the applicable rules for the submission of confidential documents.

8. <u>Challenges by a Party to Designation as Confidential</u>: The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) *Conferring in Good Faith*. If a receiving party disagrees with a confidentiality designation and wishes to challenge that designation, the receiving party may write a letter to the designating party challenging the subject confidentiality designation, whereupon counsel for the respective parties shall have a duty to discuss the issue and attempt to resolve it without court intervention.

(b) *Judicial Intervention*: If the receiving party's challenge is not resolved, then either party may seek an order regarding the correctness of the confidentiality designation. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Confidentiality Stipulation, and the party challenging the designation must comply with the applicable rules for filing of confidential documents in connection with its motion. The parties agree to abide by the Court's determination thereupon.

9. <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>:

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must promptly notify counsel for the designating party in writing. Such notification must include a copy of the subpoena or court order.

(b) The purpose of imposing this duty is to alert the interested persons to the existence of this Confidentiality Stipulation and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing herein should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

10. <u>Inadvertent or unintentional production</u>:  If materials protected from disclosure by the attorney-client privilege, work product or any other privilege are inadvertently disclosed or unintentionally produced, such disclosure shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled.  If a claim of inadvertent disclosure or unintentional production is made pursuant to this paragraph by the disclosing party with respect to such material then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent and/or unintentional production has been made.  The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent disclosure or unintentional production.

11. <u>Obligations upon Conclusion of Litigation</u>:

(a) Unless otherwise agreed or ordered, this Confidentiality Stipulation shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Within 60 days after dismissal or entry of final judgment not subject to further appeal, documents marked "CONFIDENTIAL" under this Confidentiality Stipulation shall be collected by the parties' counsel upon receiving an email or other notice from opposing counsel reminding him or her to collect and destroy such information. Counsel shall then destroy all of the documents marked "CONFIDENTIAL" with written notice of said destruction provided to opposing counsel. Any retained Confidential Information shall continue to be protected under this Confidentiality Stipulation.

12. <u>Confidentiality Stipulation Subject to Modification</u>: This Confidentiality Stipulation shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

13. <u>No Prior Judicial Determination</u>: This Confidentiality Stipulation is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. Except as provided herein, whenever Confidential Information is to be referred to or disclosed in a hearing, deposition or any other proceeding in any litigation, any party claiming

confidentiality may exclude from the room any person who is not entitled to receive Confidential Information.

15. Documents designated "Confidential" shall be made available and used only in the litigation captioned above and for no other purpose; shall be used solely in this civil action and in no other proceeding or legal action; and shall not be divulged in any manner except as specifically set forth herein or except with prior notice and upon modification of this Agreement.

16. The party disclosing information designated as Confidential Information is allowed to use its own Confidential Information without violating the terms of this Agreement.

17. <u>Persons Bound</u>:  This Confidentiality Stipulation shall take effect when executed by counsels for the parties and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Confidentiality Stipulation by its terms.

Dated: May 24, 2022
         New York, New York

| | |
|---|---|
| **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP** | **DEREK SMITH LAW GROUP, PLLC** |
| *[signature]* | *[signature]* |
| Marielle A. Moore<br>Nancy v. Wright<br>*Attorneys for Defendants*<br>150 E. 42nd Street<br>New York, New York 10017<br>Tel.: (212) 915-5101<br>Marielle.Moore@wilsonelser.com<br>Nancy.Wright@wilsonelser.com | Melissa Mendoza<br>*Attorneys for Plaintiff*<br>One Penn Plaza, Suite 4905<br>New York, New York 10119<br>Tel.: (212) 587-0760<br>melissa@dereksmithlaw.com |

**SO ORDERED:**

_____

Hon. Paul A. Engelmayer
United States District Judge

9

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWNN KAREN MAHULAWDE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FASHION INSTITUTE OF TECHNOLOGY,<br>JOSEPH MAIORCA, Individually;<br>ROBERTA PALEY, Individually;<br>ROBERTA DEGNORE, Individually,<br><br>　　　　　Defendants. | Case No.: 21-CV-3878 (PAE)<br><br>**ACKNOWLEDGEMENT AND**<br>**AGREEMENT TO BE BOUND** |

　　　　The undersigned hereby acknowledges that he/she has read the Confidentiality Stipulation in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Confidentiality Stipulation and understands that the terms of the Confidentiality Stipulation obligate him/her to use materials designated as Confidential Information in accordance with the Confidentiality Stipulation solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

　　　　The undersigned acknowledges that violation of the Confidentiality Stipulation may result in penalties for contempt of court:


Name: _____


Address: _____


Signature: _____


Date: _____