**SEPPINNI LLP**
43 WEST 43RD ST., STE. 256, NEW YORK, NY 10036 | OFFICE: (212) 859-5085

November 2, 2022

The Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
40 Foley Square
New York, NY 10007

**Re: *Mahulawde v. FIT, et al.*, re Motion to Compel Depositions & Production of Documents**
Civil Action No. 1:21-cv-03878-PAE

Dear Honorable Judge Engelmayer,

I represent Plaintiff Dawnn Karen Mahulawde in the above-referenced matter. I write to request that Your Honor order Defendants to produce Deliwe Kekana for a deposition and produce all documents withheld based on an improper claim of self-critical analysis privilege. Plaintiff requests an informal conference to discuss these matters.

## I. MOTION TO COMPEL DEPOSITION OF DELIWE KEKANA

On October 11, 2022, Plaintiff informed Defendants that she intended to depose Ms. Kekana. Defendants informed Plaintiff that FIT would not produce Ms. Kekana absent a subpoena. The Parties discussed this issue via email and conferred on October 12, 2022, via phone but were unable to come to an agreement. Plaintiff sent a deposition notice for Ms. Kekana to Defendant on October 22, and the parties again briefly conferred on October 31. Defendants contend that because Ms. Kekana is not a named party she is not covered by F.R.C.P 30(b)(1)'s deposition-by-notice provision. Plaintiff argues that Ms. Kekana is covered by F.R.C.P. 30(b)(1) because she is an officer and a managing agent of FIT. FIT's refusal to produce Ms. Kekana pursuant to Plaintiff's timely deposition notice is improper.

"Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition. A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *Schindler Elevator Corp. v. Otis Elevator* Co., No. 06 Civ. 5377, 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007).

Ms. Kekana is plainly an "officer, director, or managing agent of [FIT]." Her title—Affirmative Action and Title IX Officer—confirms as much: "Affirmative Action and Title IX Officer." Additionally, the FIT organization chart shows that she is part of the "Executive Administration. Ex. A at 1.

Ms. Kekana is also a managing agent. Any "doubt about an individual's status as a 'managing agent,' at the pre-trial discovery stage, are resolved in favor of the examining party." *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996). In this district, courts "have generally considered five factors in determining whether an individual is a managing agent: 1) whether the individual is invested with general powers allowing [her] to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at [her] employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation." *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06 Civ. 5377(CM)(THK), 2007 WL 1771509, at *2 (S.D.N.Y June 18, 2007) (internal quotation marks omitted). Ms. Kekana satisfies these criteria: (1) Ms. Kekana exercises discretion in her role as the head officer in the Affirmative Action and Title IX departments in charge of all investigations, (2) Ms. Kekana can be compelled to testify by her employer as a condition of employment, (3) there are no employees of higher authority than Ms. Deliwe in the "designated area[s]" of Affirmative Action and Title IX, (4) discovery has shown that Ms. Kekana was directly and regularly involved in the investigations conducted regarding Plaintiff's internal complaints, and (5) there is no indication that Ms. Kekana, who is currently employed by FIT, would have reason to act against FIT's interests.

Therefore, to both comply with the Federal Rules and reduce unnecessary costs and greenhouse emissions associated with effecting personal service of a current officer and managing agent of Defendant FIT, Plaintiff asks that the Court order Defendant FIT to produce Ms. Kekana to sit for a deposition pursuant to the notice attached as Exhibit B.

## II. MOTION TO COMPEL DEFENDANT TO PRODUCE MATERIALS MARKED "SELF-CRITICAL ANALYSIS"

Defendants have marked at least nine groups of documents in their discovery productions and interrogatory responses as withheld or redacted based on a "self-critical analysis" privilege. Exs. C and D. No such privilege covers any documents or communications in this dispute.

On October 27, 2022, Plaintiff sent Defendant a Deficiency Letter (Ex. E) stating, in part, that Defendants' Responses 1 – 9, 17, 19, 20, 21, 22, 23, 26, 27, and 30 and numerous of their Interrogatory responses were deficient because they improperly withheld documents based on the self-critical analysis privilege. Response 30 goes so far as to claim that Ms. Kekana and her associate, Jerilee Fonseca, are immune to *any* discovery requests because they are somehow shielded by the so-called self-critical analysis privilege. Defendants claim that Plaintiff's Deficiency Letter was untimely. However, Defendant cites no authority to support that a deficiency letter served while discovery is open is untimely. Nor has Defendant been prejudiced by any delay, whether perceived or actual. In fact, Plaintiff's discovery requests stated, "These Requests are deemed continuing in nature and call for prompt supplemental production . . . covered by these Requests. You are hereby notified of and referred to the Federal Rules of Civil

Procedure regarding your ongoing duty to promptly supplement your responses to these Requests should you obtain information upon the basis of which you know a prior response was incorrect or incomplete when made, or that a response, thought correct and complete when made, is no longer true and complete."

"[M]otions to compel . . . are left to the sound discretion of the court." *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 2018 WL 4941773, at *1 (S.D.N.Y. 2018). Therefore, the Court has the authority to compel Defendant's production of the requested documents, which should have already been provided.

First, "the very existence of [the self-critical analysis] privilege is in doubt. In *University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990), the Supreme Court rejected a sister privilege, one protecting peer reviewed materials generated by a university. And since that decision, several courts in this Circuit have expressed doubts about whether the self-critical analysis privilege should be recognized at all. *See, e.g., Troupin v. Metro. Life Ins. Co.*, 169 F.R.D. 546, 549 (S.D.N.Y. 1996) (noting that the privilege the Supreme Court rejected in *University of Pennsylvania* was 'based largely on the same policy considerations as the self-critical analysis privilege'); *see also Cruz v. Coach Stores, Inc.*, 196 F.R.D. 228 (S.D.N.Y. 2000). Neither the Supreme Court nor the Second Circuit has ever endorsed the privilege. *See Franzon v. Massena Mem'l Hosp.*, 189 F.R.D. 220, 223-24 (N.D.N.Y. 1999)." *Arencibia v. Urban Pathways, Inc.*, 15-CV-6476 (JMF), at *1 (S.D.N.Y. Dec. 9, 2015).

Second, Defendant "must demonstrate that 'the information . . . result[ed] from a critical self-analysis undertaken by the party seeking protection; [that] the public [has] a strong interest in preserving the free flow of the type of information sought; [and that] the information [is] of the type whose flow would be curtailed if the discovery were allowed.'" *Mitchell v. Fishbein*, 227 F.R.D. 239, 252 (S.D.N.Y. 2005) (quoting *Wimer v. Sealand Serv., Inc.*, 96 Civ. 8730 (KMW) (MHD), 1997 WL 375661, at *1 (S.D.N.Y. July 3, 1997)). Defendant cannot establish the latter element — that disclosure would threaten to chill future evaluations of discriminatory misconduct in the workplace. *See Arencibia v. Urban Pathways, Inc.*, 15-CV-6476 (JMF), at *2 (S.D.N.Y. Dec. 9, 2015) ("[A]n organization 'has an obvious economic interest in engaging in self-evaluations of employee misconduct: it hardly needs the additional protection of a shield of privilege to investigate its own employees' alleged derelictions. . . . The public interest would hardly be served by cloaking the fruits of those inquiries with privilege simply on the ground of encouraging [the organization] to make an inquiry that it necessarily would have made in any case.' *Cruz*, 196 F.R.D. at 232." *Arencibia v. Urban Pathways, Inc.*, 15-CV-6476 (JMF), at *2 (S.D.N.Y. Dec. 9, 2015)).

Third, in *Hardy v. New York News Inc.*, 114 F.R.D. 633 (S.D.N.Y.1987), the court held that "in the area of employment discrimination virtually every court [that has recognized the Privilege] has limited the privilege to information or reports that are mandated by statute or regulation." At 641. Defendants have not produced evidence indicating that they are mandated by statute or regulation to create any of the evidence they have withheld.

Therefore, Defendants should be compelled to produce all documents marked under the self-critical analysis privilege.

Regards,

*/s/ Shane Seppinni*
Shane Seppinni

Seppinni LLP
(347) 378-5655
shane@seppinnilaw.com

The Court has received plaintiff's letter motion to compel production. Dkt. 37. Pursuant to the Court's Individual Rules governing discovery disputes, defendants' response is due November 7, 2022. The Court does not invite a reply. SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge
November 4, 2022