UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWNN KAREN MAHULAWDE,

                                            Plaintiff,                      21 Civ. 3878 (PAE)

                    -v-                                                     ORDER

FASHION INSTITUTE OF TECHNOLOGY, ET AL.,

                                            Defendants.

PAUL A. ENGELMAYER, District Judge:

        The Court has carefully considered the parties' letters on pending discovery disputes. *See*

Dkts. 37, 39.

        As to plaintiff's motion to compel the deposition of Deliwe Kekana, the Court infers that

counsel have resolved this dispute and that the deposition is scheduled for November 18, 2022.

Accordingly, the Court denies plaintiff's request to compel this deposition as moot, without

prejudice to renewal in the event the deposition does not go forward.

        As to the plaintiff's motion with respect to items the defense has withheld based on the

"self-critical" privilege, the Court is unprepared on the present record to uphold defendants' non-

production of these materials. The very existence of this privilege is unresolved in this Circuit.

*Arencibia v. Urban Pathways, Inc.*, 2015 U.S. Dist. LEXIS 165325, at *1 (S.D.N.Y. Dec. 9,

2015); *see also E.B. v. N.Y.C. Bd. of Educ.*, 233 F.R.D. 289, 295 (E.D.N.Y. 2005). To the extent

such a privilege may exist, "[t]he party resisting discovery must make a detailed and convincing

showing of the harm to be anticipated from the disclosure at issue in the particular case." *See In*

*re Nieri*, 2000 U.S. Dist. LEXIS 540, at *11 (S.D.N.Y. Jan. 20, 2000) (quoting *Trezza v.*

*Hartford, Inc.*, 1999 U.S. Dist. LEXIS 10925, at *5 (S.D.N.Y. July 20, 1999)). Defendants'

current privilege log, with its brief and general descriptions of the material withheld, falls far short of this standard. The Court directs defendants, by November 17, 2022, to file on the docket of this case a revised privilege log that narrows the withheld portions to only the specific and discrete portions that counsel contend are properly withheld and describes with specificity why these qualify as *analytical* self-critical material within the scope of the privilege. To enable the Court to test whether defendants' claims of privilege are bona fide, the Court further directs defendants, by the same day, hand-deliver to the Court, for its *ex parte* and *in camera* review, two sets of binders that present each document in a separate tab and highlight the portions defendants propose to redact based on the privilege. Defendants are authorized and directed to file a set of such binder(s) under seal with the Clerk of the Court.

The Court further notes that, with respect to the Investigative Files, defendants' sweeping bid to withhold these in their entirety is concerning. That these contain or may contain reports of confidential staff interviews does not justify their wholesale withholding, as the self-critical privilege, to the extent it exists, "is not absolute [but] applies only to the analysis or evaluation itself, not to the facts upon which the evaluation is based." *Trezza*, 1999 WL 511673, at *2. Interview reports of this nature, however, likely are substantially factual in nature. *See, e.g.*, *E.B.*, 233 F.R.D. at 296 (reviewers' observations and results of staff member interviews not covered by privilege). And it is not clear, without more, that the disclosure of these files would have the chilling effect that defendants claim. *See, e.g., id.* at 296–97 (collecting cases); *Arencibia*, 2015 U.S. Dist. LEXIS 165325, at *2 (noting party's economic interest in engaging in self-evaluations of employee misconduct). *See generally Turkmen v. Ashcroft*, 2004 U.S. Dist. LEXIS 14537, at *25–26 (E.D.N.Y. July 29, 2004) (discussing law enforcement privilege) ("Thus, to the extent that the documents contain interview of staff personnel, the question of

privacy is far outweighed by the need for the information.  Moreover, to the extent that

defendants raise a concern about the willingness of staff members to come forward and be

truthful in this and future investigations . . . disclosure of the records of an internal disciplinary

investigation can only further the policy of encouraging self-evaluation and remedial action.").

These concerns reinforce the concern that defendant's broad claims of privilege sweep too far,

and necessitate independent judicial review.

       SO ORDERED.

                                        *Paul A. Engelmayer*

                                        PAUL A. ENGELMAYER
                                        United States District Judge

Dated: November 10, 2022
       New York, New York