UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAWNN KAREN MAHULAWDE,

                            Plaintiff,

         -v-

FASHION INSTITUTE OF TECHNOLOGY, ET AL.,

                            Defendants.

21 Civ. 3878 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has conducted a careful *in camera* review of defendants' withheld documents and accompanying privilege log, Dkt. 41 (log), which were delivered to the Court and filed, respectively, pursuant to the Court's November 10, 2022 order, Dkt. 40. The Court grants, in full, plaintiff's motion to compel production insofar as defendants have withheld items under the "self-critical analysis" privilege. Dkt. 37. *See* Dkt. 40 (parties resolved motion to compel as to deposition of Deliwe Kekana).

At the outset, and as the Court noted in the November 10, 2022 order, the existence of this privilege is unresolved in this Circuit. *Arencibia v. Urban Pathways, Inc.*, No. 15 Civ. 6476 (JMF), 2015 U.S. Dist. LEXIS 165325, at *1–2 (S.D.N.Y. Dec. 9, 2015); *see also E.B. v. N.Y.C. Bd. of Educ.*, 233 F.R.D. 289, 295 (E.D.N.Y. 2005). Assuming *arguendo* that such a privilege may exist, the Court finds, emphatically, that it does not apply to the materials here. The question is not close.

This controversy in general resembles that in *University of Pennsylvania v. E.E.O.C.*, 493 U.S. 182 (1990). The Supreme Court rejected a university's claim that a common-law privilege sheltered peer review documents relating to the tenure process from privilege. The documents at

issue here are, if anything, are less amenable to a claim of privilege. Predominantly, they consist of witness statements, in the form of memoranda reflecting the factual accounts, by employees, of events relevant to plaintiff Dawn Karen Mahulawde's allegations of discrimination, a hostile work environment, and retaliation. These allegations arise in connection with the processes at the Fashion Institute of Technology ("FIT") with regard to Ms. Mahulawde's course assignments and her retention as an instructor. The witness statements largely take the form of memoranda of meetings between FIT administrators and employee fact witnesses, at which the employee recalled events; to some degree, some memoranda also reflect the employee's perspective on plaintiff's claims. In substance and character, these documents are not different than the interview or factual memoranda that are routinely produced in pretrial discovery. Where such are withheld, they are typically withheld on the basis of claims of attorney client privilege or attorney work product. Here, however, there is no claim that these doctrines shelter the documents here.

These documents therefore fall clearly outside the scope of the self-critical privilege, to the extent it has been held to exist. As articulated, that privilege "is not absolute [but] applies only to the analysis or evaluation itself, not to the facts upon which the evaluation is based." *Trezza v. Hartford, Inc.*, No. 98 Civ. 2205 (MBM) (KNF), 1999 WL 511673, at *2 (S.D.N.Y. July 20, 1999). The documents contain limited analysis or evaluation. They are overwhelmingly factual in nature. Such analysis or evaluation as appears therein essentially entails factual commentary on historical events, including the divergent views of the FIT witnesses whether or not plaintiff's claims of discrimination, based on their observations and experience, were meritorious. The privilege does not extend to assessments of this nature. That

the withheld documents report statements,[1] *see, e.g.*, Exs. 4–5, 21, 24–25, or observations, *see, e.g.*, Exs. 2, 29, by staff members regarding such facts is no basis for their withholding. *See, e.g., id.*; *E.B.*, 233 F.R.D. at 295–96 (reviewers' observations and results of staff member interviews not covered by privilege). Emails describing staff meetings, *see, e.g.*, Ex. 1, scheduling meetings, *see, e.g.*, Exs. 16, 35, exchanging documents, Ex. 13, or conveying plaintiff's complaint to defendant's Title IX coordinator, Ex. 14, also are not evaluative within the meaning of the privilege. Nor is the fact that certain meetings occurred or who attended them. *See* Exs. 23, 26.[2]

To the very limited extent that some withheld documents contain stray commentary that might be considered evaluative of existing university practices or procedures,[3] the Court is unpersuaded that disclosure of these snippets would have the chilling effect that defendants claim. The documents as a whole were intended to enable the university to assess the validity of plaintiff's claims so as determine a proper and lawful response. For obvious reasons, a university such as defendant FIT here has an interest in undertaking such an investigation into the truth or falsity of serious allegations of misconduct like those here. FIT also has an interest in evaluating its practices, policies, and systems, insofar as these are alleged to have implicated in an instructor's claims of discrimination, hostile work environment, and retaliation. *See, e.g.*,

---

[1] One withheld email exchange with another complainant reflects that the complainant specifically stated she did *not* wish to remain confidential. *See* Ex. 18.

[2] As to the spreadsheet of the Social Sciences Department staff's information, *see* Ex. 36. the Court directs defendants to produce a redacted version of that spreadsheet, with individuals' names and employee identification numbers obscured. That redaction, however, is to protect privacy interests. It is not required by the self-evaluation privilege.

[3] Some of the purportedly evaluative portions of these documents are, in fact, blank, *see, e.g.*, Exs. 6, 19 ("Issues and Conclusions" portions of withheld memos are blank), or incomplete, *see, e.g.*, Ex. 20 ("Issues and Conclusion" section only included a "scope of investigation" portion, that described the applicable policies).

*Abbott v. Harris Pubs.*, No. 97 Civ. 7648 (JSM), 1999 WL 549002, at *2 (S.D.N.Y. July 28, 1999) ("Reviews such as these [concerning the defendant's internal investigation of the processing of plaintiff's application to serve as a dog show judge] are conducted by organizations because they are concerned with the integrity of their own operations and, while they no doubt would prefer that the information not be made public, the fact that the results might be discoverable in litigation will not deter them from doing what their business interest requires."); *EB*, 233 F.R.D. at 296–97 (collecting cases); *Arencibia*, 2015 U.S. Dist. LEXIS 165325, at *2 (noting party's economic interest in engaging in self-evaluations of employee misconduct). *See generally Turkmen v. Ashcroft*, No. 02 Civ. 2307 (JG), 2004 U.S. Dist. LEXIS 14537, at *25–26 (E.D.N.Y. July 29, 2004) (discussing law enforcement privilege) ("Thus, to the extent that the documents contain interview of staff personnel, the question of privacy is far outweighed by the need for the information. Moreover, to the extent that defendants raise a concern about the willingness of staff members to come forward and be truthful in this and future investigations . . . disclosure of the records of an internal disciplinary investigation can only further the policy of encouraging self-evaluation and remedial action.").

Finally, even assuming the validity of defendants' claim of a chilling effect, the documents here appear to be probative—potentially, centrally probative—of the allegations at issue. Plaintiff will find them instructive in fashioning discovery and potentially organizing a trial. Plaintiff's need for the documents requested far outweighs "any potential harm caused to defendants by disclosure." *See, e.g., E.B.*, 233 F.R.D. at 297; *Abbott*, 1999 WL 549002, at *2.

The Court accordingly orders the documents at issue to be produced to plaintiff by the close of business Monday, December 5, 2022.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 1, 2022
       New York, New York

SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge

Dated: December 1, 2022
       New York, New York