UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWNN KAREN MAHULAWDE,

                              Plaintiff,

-v-                                              CIVIL ACTION NO.: 21 Civ. 3878 (JHR) (SLC)

FASHION INSTITUTE OF TECHNOLOGY, JOSEPH MAIORCA, ROBERTA PALEY, and ROBERTA DEGNORE,                **ORDER**

                              Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Defendants' letter-motion for an order precluding Plaintiff from relying on "an audio recording, video compilation[,] and medical records from 2022" that Plaintiff produced at 11:30 pm on the final day of fact discovery (the "New Discovery"). (ECF No. 70 (the "Motion")). Plaintiff opposes the Motion, but consents to the re-opening of her deposition for questioning related to the New Discovery. (ECF No. 72 at 2).

Having reviewed the parties' submissions, and having heard the parties' arguments during the discovery conference held today, July 26, 2023, the Court orders as follows:

1. The Motion is DENIED. "[P]reclusion of evidence is a harsh remedy that should be imposed only in rare situations." Gateway, Inc. v. ACS Com. Sols., Inc., No. 07 Civ. 6732 (CM) (DF), 2009 WL 10695887, at *8 (S.D.N.Y. Sept. 18, 2009) (citation and alterations omitted); see Outley v. City of New York, 837 F.2d 587, 591 (2d Cir. 1988) ("Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses."). While Defendants were undoubtedly prejudiced by Plaintiff's disclosure of the New Discovery after her deposition and 30

minutes before the fact discovery deadline, that prejudice can be ameliorated by reopening Plaintiff's deposition for questioning related to the New Discovery. Accordingly, the Court will permit Defendants to continue Plaintiff's deposition (the "Continued Deposition"). The Continued Deposition shall take place by **September 25, 2023**, and shall be limited to three (3) hours on the record and to questioning related to (i) Plaintiff's gathering and production of the New Discovery and (ii) the substance of the New Discovery.

2. By **August 9, 2023**:

    a. Plaintiff shall serve on Defendants (i) supplemental Fed. R. Civ. P. 26(a) disclosures that reflect the New Discovery and (ii) supplemental responses to Defendants' requests for production that reflect to which requests the New Discovery is responsive.

    b. Defendants may submit a letter of no longer than three (3) pages requesting that the Court order Plaintiff to pay the fees and costs associated with the Continued Deposition (the "Request"). Defendants shall attach to the Request: (i) Defendants' requests for production (the "RFPs"), (ii) Plaintiff's original responses to the RFPs, and (iii) excerpts from the transcript of Plaintiff's deposition reflecting her testimony regarding her efforts to locate and preserve discovery related to her claims in this action and/or responsive to the RFPs.

3. By **September 8, 2023**, Plaintiff's counsel shall file (i) a declaration describing his efforts to obtain Plaintiff's treatment records from the NYC Department of Health Riverside Sexual Health Clinic; and (ii) Plaintiff's response to the Request, if any.

4. The parties shall promptly order a transcript of the Conference.

The Clerk of Court is respectfully directed to close ECF No. 70.

Dated:     New York, New York
           July 26, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

3