UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWNN KAREN MAHULAWDE,

                        Plaintiff,

-v-

FASHION INSTITUTE OF TECHNOLOGY, JOSEPH MAIORCA, ROBERTA PALEY, and ROBERTA DEGNORE,

                        Defendants.

CIVIL ACTION NO.: 21 Civ. 3878 (JHR) (SLC)

**ORDER GRANTING
MOTION TO WITHDRAW**

**SARAH L. CAVE**, United States Magistrate Judge.

On April 30, 2021, Plaintiff Dawnn Karen Mahulawde ("Ms. Mahulawde"), represented by Derek Smith Law Group, PLLC ("DSLG"), commenced this action, asserting race discrimination claims under 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law against Defendants Fashion Institute of Technology, Joseph Maiorca, Roberta Paley, and Roberta Degnore. (ECF No. 1). On February 25, 2022, after mediation efforts were unsuccessful, the parties commenced discovery. (ECF Nos. 15; 21). On July 19, 2022, Attorney Shane Seppinni ("Mr. Seppinni") of Seppinni LLP replaced DSLG as Ms. Mahulawde's counsel. (ECF Nos. 32; 33). Fact discovery is largely complete, and expert discovery is ongoing. (ECF Nos. 61; 77; 80).

On October 27, 2023, Mr. Seppinni moved to withdraw as Ms. Mahulawde's counsel. (ECF Nos. 81; 82 (the "Motion")). Mr. Seppinni submitted a memorandum of law (ECF No. 82) and declaration (ECF No. 82-1 (the "Declaration")) in support of the Motion, both of which he requested to file under seal to preserve the attorney-client privilege. (ECF No. 82). In his Declaration, Mr. Seppinni claims that "the attorney-client relationship has deteriorated such

that" continued representation of Ms. Mahulawde was no longer possible. (ECF No. 82-1 at ¶2). Mr. Seppinni does not assert a retaining or charging lien. (Id. ¶ 5). Mr. Seppinni also represented that Ms. Mahulawde did not consent to the Motion. (Id. ¶ 15). On October 30, 2023, to permit a ruling on the Motion, the Court directed Mr. Seppinni to serve the Motion on Ms. Mahulawde and directed her to respond. (ECF No. 83 ¶¶ 1–2). The Court also adjourned all discovery deadlines pending resolution of the Motion. (Id. ¶ 3). On October 31, 2023, Mr. Seppinni served the Motion on Ms. Mahulawde. (ECF No. 84).

On November 15, 2023, the Court received by mail a letter from Ms. Mahulawde responding to the Motion. (ECF No. 85) the "Letter")).[1] Ms. Mahulawde states at the outset that "Mr. Seppinni's withdrawal at this late date is inappropriate and injurious to [her] case[]." (Id. at 1). Over the next several pages of the Letter, however, Ms. Mahulawde describes her belief that Mr. Seppinni has "failed to zealously represent" her. (Id. at 3). Ms. Mahulawde asks the Court "to sanction Mr. Seppinni and strike [her] engagement with [him] as null and void." (Id. at 4). She also requests a stay of this action while she attempts to retain new counsel. (Id.) On November 16, 2023, at the Court's direction, Mr. Seppinni filed a reply, in which he responds to Ms. Mahulawde's assertions in the Letter and notes that Ms. Mahulawde "no longer opposes" the Motion. (ECF No. 87).

The Court's Local Rules provide that:

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or

---

[1] Because the Letter appeared to contain privileged communications between Ms. Mahulawde and Mr. Seppinni, the Court ordered that the Letter be placed under seal at this time and visible to Mr. Seppinni and the Court only. (ECF No. 86).

2

> displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S.D.N.Y. Loc. Civ. Rule 1.4. Mr. Seppinni does not assert a retaining or charging lien. (ECF No. 82-1 ¶ 5). "This Court, therefore, must analyze two factors in determining whether to grant [the Motion]: (1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of the proceeding" Ortiz v. Eskina 214 Corp., No. 21 Civ. 1537 (ALC) (KHP), 2022 WL 6806490, at *1 (S.D.N.Y. Sept. 6, 2022).

With respect to the first factor, Mr. Seppinni states that "[a] complete disintegration of communication between [Ms. Mahulawde] and [Mr. Seppinni], as well as a total breakdown of any trust between them has occurred." (ECF No. 82 at 3). In her Letter, Ms. Mahulawde confirms this breakdown and also seeks to end the attorney-client relationship. (ECF No. 85 at 1–4). "Accordingly, the Court is satisfied that withdrawal is justified." Ortiz, 2022 WL 6806490, at *1 (granting withdrawal motion where, inter alia, the client did not oppose the request); see Ruiz v. Keratin Bar Inc., No. 17 Civ. 2216 (VEC), 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020) ("To the extent irreconcilable differences exist between attorney and client, even in instances in which the client would prefer the attorney to continue his or her representation, courts may still permit counsel to withdraw.").

With respect to whether Mr. Seppinni's withdrawal is likely to disrupt the prosecution of this action, the Court notes that fact discovery—while largely complete—is ongoing, expert discovery remains, and there is no trial date set. "In these circumstances, the proceedings are unlikely to be substantially disrupted and prejudice to [Ms. Mahulawde] is unlikely." Ortiz, 2022 WL 6806490, at *1 (granting withdrawal motion where fact discovery was ongoing and no trial date was entered) (citing Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08 Civ. 6469 (DAB)

(JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (granting withdrawal motion where the case was "not on the verge of being tried"). Accordingly, the Court finds that the second factor also favors withdrawal.

For the foregoing reasons, Mr. Seppinni's Motion is GRANTED, and the Court orders as follows:

1. Mr. Seppinni shall promptly serve a copy of this Order on Ms. Mahulawde and file proof of service on the docket by **November 21, 2023**.

2. By **November 28, 2023**, Ms. Mahulawde provide the Court with her current address and promptly advise the Court of any changes to her address.

3. All discovery deadlines are ADJOURNED for **45 days** to allow Ms. Mahulawde to retain new counsel.

4. By **January 4, 2024**, (i) new counsel for Ms. Mahulawde shall file a notice of appearance and (ii) the parties shall file a joint letter proposing a schedule for the completion of Ms. Mahulawde's continued deposition (see ECF No. 77 ¶ 1) and expert discovery.

Ms. Mahulawde is advised of her ability to seek free legal advice from the New York Legal Assistance Group's legal clinic for pro se litigants, by visiting its website at nylag.org/prose-clinic/ or by calling (212) 659-6190. This clinic is not part of or run by the Court and it cannot accept filings on behalf of the Court.

To the extent Ms. Mahulawde asks the Court "to sanction Mr. Seppinni" (ECF No. 85 at 4), that request is DENIED because this is not the proper forum to seek such relief. See Schapiro v. N.Y.C. Dep't of Health, 25 F. App'x 57, 62 (2d Cir. 2001).

The Clerk of Court is respectfully directed to close ECF Nos. 81 and 82, and to terminate Mr. Seppinni as counsel for Ms. Mahulawde.  The documents as ECF No. 82, 84, 85, and 87 shall remain under seal and visible to the selected parties only.

Dated:   New York, New York
         November 20, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**