UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWNN KAREN MAHULAWDE,

                          Plaintiff,

-v-

FASHION INSTITUTE OF TECHNOLOGY, JOSEPH MAIORCA, ROBERTA PALEY, and ROBERTA DEGNORE,

                          Defendants.

CIVIL ACTION NO.: 21 Civ. 3878 (JHR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Defendants' letter-motion for "the Court's intervention regarding discovery disputes relating to ESI [electronically stored information] protocols and search terms of same." (ECF No. 96 (the "Request")). Plaintiff opposes the Request, which she characterizes as an attempt "to completely re-open fact discovery and have [her] engage in a disproportionately broad and expensive search for discovery because of productions served on or after June 30, 2023 (the fact discovery deadline)." (ECF No. 98 (the "Opposition")). For the reasons set forth below, the Request is DENIED.

By way of background, fact discovery in this matter closed on June 30, 2023. (ECF No. 61). On July 8, 2023, Defendants moved for an order precluding Plaintiff from relying on "an audio recording, video compilation[,] and medical records from 2022" that Plaintiff's former attorney ("Prior Counsel") produced at 11:30 pm on the final day of fact discovery (the "June 2023 Discovery"). (ECF No. 70 (the "Preclusion Motion")). On July 26, 2023, the Court denied the Preclusion Motion, but allowed Defendants to reopen Plaintiff's deposition (the "Continued Deposition"). (ECF No. 77 at 1–2 (the "July 26 Order")). The Court limited the Continued Deposition to three (3) hours on the record and to questioning related to (i) Plaintiff's gathering

and production of the June 2023 Discovery, and (ii) the substance of the June 2023 Discovery, and directed the parties to complete the Continued Deposition by September 25, 2023.  (Id. at 2).  The Court also directed Plaintiff to serve on Defendants (i) supplemental Fed. R. Civ. P. 26(a) disclosures that reflected the June 2023 Discovery, and (ii) supplemental responses to Defendants' requests for production that indicated to which requests the June 2023 Discovery was responsive. (Id.)  The July 26 Order did not permit any other fact discovery.

On September 21, 2023, the parties requested a 45-day extension of time to complete the Continued Deposition, stating that they were "in the process of attempting to resolve discovery disputes relating to ESI protocols and search terms of same."  (ECF No. 79). On September 22, 2023, the Court granted the parties' request, and extended until November 9, 2023 the parties' deadline to complete the Continued Deposition.  (ECF No. 80).

On October 27, 2023, Prior Counsel moved to withdraw as Plaintiff's counsel.  (ECF No. 81 (the "Withdrawal Motion")).  The Court adjourned all discovery deadlines pending resolution of the Withdrawal Motion. (ECF No. 83). On November 21, 2023, the Court granted the Withdrawal Motion, and directed new counsel to file a notice of appearance—and the parties to file a proposed schedule for the completion of the Continued Deposition and expert discovery—by January 4, 2024. (ECF No. 89 at 4).  On January 3, 2024, Plaintiff's new counsel ("New Counsel") appeared (ECF No. 92), and, on January 5, 2024, the Court adopted and entered the parties' proposed schedule for completion of the Continued Deposition by March 15, 2024 and of expert discovery by July 15, 2024.  (ECF No. 95).

On January 18, 2024, Defendants filed the Request.  (ECF No. 96).  According to Defendants, after the Court issued the July 26 Order, Prior Counsel "again served additional

belated discovery" (the "Late Discovery"), and Defendants subsequently "engaged in discussions with . . . [P]rior [C]ounsel . . . regarding the implementation of related ESI protocols." (Id. at 96). It appears that the Withdrawal Motion halted those discussions, but on New Counsel's appearance, Defendants "immediately renewed [their] request for ESI Protocols." (Id.) Defendants state that they "explained to [New Counsel] that due to [P]laintiff's multiple late disclosures, [D]efendants would require ESI production relative to the claims and defenses of this matter to effectively comply with" the July 26 Order. (Id.)

On January 23, 2024, Plaintiff filed the Opposition. (ECF No. 98). According to Plaintiff, on October 25, 2023, Prior Counsel produced the Late Discovery, comprised of "medical records from the New York City Department of Health and Mental Hygiene ('DOHMH') which were printed on August 9, 2023, a Facebook post from April 19, 2021, and two videos." (Id. at 2). New Counsel states that, except for the DOHMH records, Plaintiff had provided the Late Discovery to her attorneys long before it was produced, and that New Counsel is unaware why the Late Discovery was not produced prior to the fact discovery cutoff.[1] (Id.) New Counsel argues that, "because Plaintiff herself has not engaged in a pattern or practice of failing to search for or send materials to her attorneys, she should not have to engage in a search for more materials." (Id.) New Counsel also attached to the Opposition a copy of Defendants' proposed ESI protocols and search terms, which New Counsel argues, "bear no relationship to the materials Defendants suspect to exist." (Id.; see ECF No. 98-1)

---

[1] The Court notes that, in the July 26 Order, the Court directed Prior Counsel to file a declaration describing his efforts to obtain Plaintiff's medical records from the DOHMH, of which Defendants previously had requested production. (ECF No. 77 at 3). On September 8, 2023, Prior Counsel filed a declaration detailing his efforts to obtain these records and stating that any "records obtained as a result of these efforts [would] be produced forthwith[.]" (ECF No. 78).

A court-ordered discovery schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir.2003).

The Request is DENIED for lack of good cause. As noted above, fact discovery closed on June 30, 2023. (ECF No. 61). The July 26 Order only permitted the Continued Deposition and did not permit the reopening of additional fact discovery. (ECF No. 77). Accordingly, Defendants' argument that further ESI discovery from Plaintiff is necessary to "comply with the" July 26 Order is unavailing. Given the clear language of the July 26 Order, Defendants have not shown good cause to permit the additional discovery they seek in the Request.

Even if Defendants had shown good cause for additional discovery beyond the Continued Deposition, the Court agrees with Plaintiff that Defendants' proposed ESI protocol and search terms are completely unrelated to June 2023 Discovery or the Late Discovery. (See ECF No. 98-1). The Court appreciates that, when they received the Late Discovery, Defendants attempted to resolve any disputes with Prior Counsel before seeking court intervention. But Prior Counsel's alleged agreement to consider voluntarily producing further ESI does not alter the clear limits of the July 26 Order, nor does it constitute good cause for reopening fact discovery at this late stage of the case. Accordingly, the Request is DENIED. Defendant may, of course, pose questions to Plaintiff at her Continued Deposition regarding the substance of the Late Discovery.

The Clerk of Court is respectfully directed to close ECF No. 96.

Dated: New York, New York
January 24, 2024

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**